UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JOSEPH D. LEWIS, | ) |
| Plaintiff, | ) |
| v. | ) Cause No.: 4:12-CV-027-JD |
| TIPPECANOE COUNTY and TIPPECANOE COUNTY BOARD OF COMMISSIONERS, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Now before the Court is the Defendants' Motion to Dismiss the Case for Failure to State a Claim [DE 6]. For the following reasons, the motion is GRANTED.

## **I. Background**

Plaintiff Joseph D. Lewis filed the present action *pro se*, alleging a violation of his Sixth Amendment right to effective representation by counsel and Fourteenth Amendment right to Due Process, pursuant to 42 U.S.C. § 1983. DE 1 at 1. Lewis has sued Tippecanoe County and the Tippecanoe County Board of Commissioners, seeking monetary relief in the amount of $2,500,000.00. DE 1 at 11.[1]

The complaint alleges that, despite his innocence, Lewis pled guilty to charges of Criminal Trespass and Conversion, both Class A Misdemeanors. DE 1 at 1, 3. First, Lewis alleges that the unfavorable disposition of the criminal case against him is a direct result of the ineffective assistance he received from the court-appointed legal counsel. DE 1 at 3-4. Second,

---

[1] Mr. Lewis has also filed various motions seeking injunctive relief, which become moot because his case is now dismissed. Of particular note, however, is Mr. Lewis's "Petition for Coram Nobis." *See* DE 32. Mr. Lewis's various filing make abundantly clear that he is still under some form of probation or supervised release. As the Seventh Circuit recently observed, coram nobis is unavailable to individuals who are still under some form of "custody" including supervised release. *See Clarke v. United States*, No. 12-1728, 2013 WL 85935 at *7 (7th Cir. Jan. 9, 2013).

Lewis alleges that the judge overseeing Lewis' criminal case was biased and acted in concert with the prosecutors to defeat Lewis. DE 1 at 7-9. Third, in a Response to Defendants' Motion to Dismiss, Lewis alleges that, to receive state reimbursement funds, the County conspired with the Tippecanoe County Public Defender Office to deprive defendants of effective assistance.[2] DE 16 at 2-4.

On January 23, 2009, Lewis was arrested for criminal trespass and conversion, among other charges. DE 1 at 2. Lewis requested the services of a public defender, and Michael Trueblood was appointed. DE 1 at 2-5. Lewis alleges that he received ineffective representation in violation of his Sixth Amendment rights when his appointed counsel pressured him to plead guilty, failed to pursue a perjury claim against a witness, and failed to complete requested discovery. DE 1 at 2-7.

On April 24, 2011, while on probation, Lewis was arrested for domestic battery and other charges. DE 1 at 7. The deputy prosecutor assigned to the case, Laura Zeman, filed a Petition to Revoke Probation. DE 1 at 7-8. Lewis alleges that the deputy prosecutor made false statements to the court and effectively "slandered" Lewis. DE 1 at 7-8. Additionally, Lewis alleges that the presiding Judge, Thomas Busch of Superior Court 2, denied Lewis due process of law in violation of the Fourteenth Amendment by lying in the sentencing order and allowing a perjuring witness to testify against Lewis. DE 1 at 8.

On November 22, 2011, the court appointed Bruce Graham to represent Lewis on appeal. DE 6-1 at 8-9. Lewis alleges that appointed counsel lied to him and violated the rules of professional conduct, thus depriving him of effective counsel in violation of the Sixth Amendment. DE 1 at 9.

---

[2] This claim is added in a "Supplement to Plaintiff's Response to Defendant's Motion to Dismiss." *See* DE 16. The Court could view this filing as a Motion to Amend Complaint, but any amendment along these lines would be futile, for the reasons discussed below.

Lewis sues the County and County Board under a theory of *respondeat superior*. He alleges that the public defenders, the judge, and prosecutors are all paid employees of Tippecanoe County and as such, Tippecanoe County and the Board of Commissioners are responsible for the alleged violations of his Sixth and Fourteenth Amendment rights. Additionally, Lewis alleges that the County and the Public Defender Office conspired to wrongfully incarcerate him.

## II. Standard of Review

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal if the complaint fails to set forth a claim upon which relief can be granted. When analyzing a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). However, the Court need not take unsupported legal conclusions contained in the complaint as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. 662, (citing *Twombly,* 550 U.S. at 556).

## III. Discussion

In order to state a claim under § 1983 a plaintiff must allege that: (1) defendants deprived him of a federal constitutional right; and (2) defendants acted under color of state law. *Savory v. Lyons,* 469 F.3d 667, 670 (7th Cir. 2006). Lewis cannot prevail for several reasons. Most importantly, the County (which is the only defendant in this lawsuit) cannot be held liable for the actions of its employees pursuant to § 1983 under a *respondeat superior* theory, and Lewis's allegations do not establish an unconstitutional County policy or custom. Moreover, permitting Lewis to amend his complaint to include individual claims against his public defender, the prosecutors, or the judge would be futile since his complaint would not state a claim against any of these individuals: First, the public defenders accused of misconduct were not acting under the color of state law and Lewis does not put forth sufficient allegations to claim a conspiracy; Second, the prosecutors and judge in Lewis's case are entitled to absolute immunity.

### A. A Municipality Cannot Be Held Liable Pursuant to 42 U.S.C. § 1983 Based on a Theory of *Respondeat Superior.*

A municipality cannot be held liable under § 1983 on a *respondeat superior* theory; that is, solely because it employs a tortfeasor. *Monell v. Department of Social Servs.,* 436 U.S. 658, 691 (1978). To establish municipal liability under § 1983, Lewis must show that Tippecanoe County caused the constitutional deprivation through operation of a County policy or custom, *Woods v. Michigan City,* 940 F.2d 275, 277 (7th Cir.1991) (citing *Monell,* 436 U.S. at 694), or as a result of inadequate training or supervision which amounted to deliberate indifference toward constitutional protections. *Graham v. Sauk Prairie Police Comm'n,* 915 F.2d 1085, 1100-01 (7th Cir. 1990) (citing *City of Canton v. Harris,* 489 U.S. 378, 388-92 (1989)).

An unconstitutional policy or custom may be established in three ways: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that,

although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority. *Palmer v. Marion County,* 327 F.3d 588, 594-595 (7th Cir.2003). The municipality's policy or custom must be the proximate cause of the plaintiff's injury. *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir. 1985).

First, Lewis maintains that Tippecanoe County is accountable for Judge Busch's alleged actions because the County appropriates the judge's salary, creates the judge's seat, and seeks salary reimbursement from the State of Indiana. Similarly, Lewis maintains that the County is accountable for the alleged shortcomings of his two public defenders and the prosecutors, because it provides for their compensation and oversees their duties. The County and County Board cannot be held liable for the alleged constitutional violations on behalf of public defenders, prosecutors, or judges on a theory of *respondeat superior.* Therefore, Lewis' cannot sue the County and County Board, based on the fact that public defenders, prosecutors, and the Judge are paid employees of the County and County Board.

Second, Lewis maintains (in a supplement to his response to the motion to dismiss, which the Court treats for present purposes as an attempt to amend his complaint) that the County and County Board have an express policy that causes constitutional deprivation. It is true that courts have found that administrative policies of a public defender's office (as opposed to the individual defense decisions of a public defender) that improperly allocate resources may subject the office to liability under § 1983. *See Miranda v. Clark County*, 319 F.3d 465, 469-70 (9th Cir. 2003) (holding that a complaint alleging that public defender resources were allocated based on a polygraph test and that there was a systemic policy of assigning inexperienced attorneys to death

penalty cases stated a claim for "deliberate indifference to constitutional rights" under § 1983.) But here, unlike in *Miranda*, Lewis has made no plausible allegations of an unconstitutional policy by the County or the public defender's office.

What Lewis brings to the Court's attention is an effort by the County and County Board to comply with state caseload standards by hiring more public defenders. He claims that this policy of reducing caseloads is resulting in a policy of ineffective assistance of counsel and public defenders pressuring defendants to plead guilty. This is entirely speculative and in fact contradicted by Lewis's own filing: what he directs this court's attention to is a Tippecanoe County Council Meeting, during which time a plan to hire 11, rather than 5, public defenders was discussed. DE 16-1 at 1-4. Additional public defenders would help keep the caseload below a certain threshold and therefore qualify the Public Defender Office for reimbursement from the State. DE 16 at 2. Lewis does not explain how this particular plan—which seems likely to make ineffective assistance of counsel *less* likely—caused him any constitutional harm. DE 16 at 2. Lewis apparently concludes from the plan to reduce caseload by hiring additional public defenders that the County must also have been trying to reduce caseload by conspiring with public defenders to coerce guilty pleas. That is rank speculation and cannot sustain Lewis's suit. Lewis thus fails to make out a claim that a widespread policy of providing ineffective legal counsel exists.

Lastly, Lewis does not demonstrate to the court that a representative of the County or County Board with policy-making authority caused Lewis' deprivation. The public defenders were not acting as agents of the county during the alleged misconduct. Likewise, the Judge does not create policies on behalf of the county, but rather interprets and applies the law. Lewis also

fails to allege that the prosecutors involved were policy-making authorities on behalf of the County.

**B.      Lewis Cannot Sue the Public Defenders, Prosecutors, or Judge under Section 1983.**

Lewis makes several allegations concerning individuals allegedly employed by Tippecanoe County, but he did not name them as defendants in this lawsuit. Regardless, amendment of his complaint would be futile because none of the individuals can be held liable under § 1983. The judge and prosecutors are entitled to immunity for their actions taken in Lewis's criminal case, even if Lewis believes they acted improperly. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (judge is entitled to absolute immunity for action taken within his jurisdiction even when the actions was "in error, was done malicious, or was in excess of his authority"); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Further, public defenders are not generally liable pursuant to § 1983 as state actors when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson,* 454 U.S. 312, 324-25 (1981). A public defender may be held liable for intentional conduct that is "'under color of' state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of their rights." *Tower v. Glover,* 467 U.S. 914, 923-24 (1984). To do so, the plaintiff must "demonstrate that state officials and the private party somehow reached an understanding to deny the plaintiffs their constitutional rights." *Moore v. Marketplace Restaurant,* 754 F.2d 1336, 1352 (7th Cir. 1985). But Lewis's conspiracy allegations are not even bare legal conclusions, they are implausible on their face. The alleged scheme, discussed above, reveals nothing more than an attempt to *reduce* public defender caseload, which would make ineffective assistance of counsel *less* likely, not more.

## IV.  Conclusion

For the reasons given, the County Defendants' Motion to Dismiss [DE 6] is **GRANTED**. Lewis's various other pending motions are **DISMISSED AS MOOT**.

SO ORDERED.

ENTERED: February 4, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court